**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | Chapter 13 |
| | ) | |
| **JAMES ELZY SMITH, JR., and** | ) | |
| **VIRGINIA HAYSLETT SMITH,** | ) | Case No. 10-50687 |
| | ) | |
| | ) | |
| **Debtors.** | ) | |

**DECISION AND ORDER**

At Harrisonburg in said District on this 22nd day of December, 2010:

A hearing was held on December 1, 2010, to consider the Debtors' Amended Motion to Avoid the Judicial Lien of Discover Bank (hereafter the "Discover Motion"), and the Debtors' Amended Motion to Avoid the Judicial Lien of Virginia Credit Union, Inc. (hereafter the "V.C.U. Motion"). The respondents, Discover Bank and Virginia Credit Union, Inc., did not file a responsive pleading or appear in court on December 1, 2010, and therefore, are in default. After considering the Debtors' pleadings the Court makes the following findings of fact and conclusions of law.

<u>Findings of Fact</u>

On December 14, 2009, Discover Bank obtained a $8,006.66 judgment from the General District Court of Rockbridge County, Virginia and docketed a judicial lien against Virginia Hayslett Smith, the female Debtor (hereafter the "Discover Lien"). On August 13, 2009, Virginia Credit Union Inc. obtained a $15,000.00 judgment from the General District Court of Richmond, Virginia and docketed a judicial lien against Virginia Hayslett Smith (hereafter the "V.C.U. Lien"). Both the Discover Lien and the V.C.U. Lien were docketed in Rockbridge County, Virginia.

The Debtors own residential real estate located in Rockbridge County, Virginia, at 99 Grandview Dr., Lexington, VA (hereafter the "Property"). The Property is owned and titled as tenants by the entirety. The value of the Property is $184,000.00.

The Property is encumbered by a first Deed of Trust which is held by Wells Fargo, N.A. and secures a $291,029.20 note.

The Debtors filed the Discover Motion and the V.C.U. Motion (collectively the "Motions") on December 1, 2010. The Discover Motion seeks to avoid the judicial lien held by Discover Bank under 11 U.S.C. § 522(f). The V.C.U. Motion seeks to avoid the judicial lien held by Virginia Credit Union Inc. under § 522(f).

## Discussion

### 11 U.S.C. § 522(f)

11 U.S.C. § 522(f)(1)(A) permits debtors to

> [A]void the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is -
> (A) a judicial lien....

11 U.S.C. § 522(f)(1)(A) (West, 2010).

The stated purpose of § 522(f) is to permit a debtor to avoid the "fixing of a lien" on the debtor's property. In order for a lien to be avoided under § 522(f) the lien must attach to the property in question. Farrey v. Sanderfoot, 500 U.S. 291, 296 (1991). Thus, at its most preliminary stage of analysis under § 522(f), the Court must first determine whether the lien or liens in question attach to the property at issue. For the following reasons the Court finds that neither the Discover Lien nor the V.C.U. Lien attach to the Property for purposes of avoiding the respective liens under § 522(f).

### Liens Asserted Against Property Owned by Tenancy by the Entirety

Vasilion v. Vasilion, 192 Va. 735, 743, 66 S.E.2d 599, 604 (1951) states that a judgment lien against one of the tenants to an estate owned as tenants by the entirety is not a lien upon any of the estate. See also, Kerr v. Dill, 72 Va. Cir. 148, 2006 WL 6185847, *1 (Va. Cir. Ct. Oct. 11, 2006) (holding that if a bank account is held as tenancy by the entirety then a lien against only one of the bank account's two tenants does not attach to the bank account.)

In this case, the Discover Lien and the V.C.U. Lien are only asserted against Virginia Hayslett Smith. The Discover Lien and the V.C.U. Lien seek to attach to the Property. However, the Property is held as tenancy by the entirety. Pursuant to Vasilion, because the Discover Lien and the V.C.U. Lien are only asserted against one of the two living tenants of the tenancy by the entirety neither the Discover Lien or the V.C.U. Lien attach to the Property. Therefore, since the Discover Lien and the V.C.U. Lien do not attach to the Property the Court finds that, pursuant to Farrey, the liens do not fall under the scope of § 522(f). Accordingly, it is

**ORDERED**

That the Debtors' Amended Motion to Avoid the Judicial Lien of Discover Bank, and the Debtors' Amended Motion to Avoid the Judicial Lien of Virginia Credit Union, Inc. are hereby **DENIED**.

Copies of this Order are directed to be sent to counsel for the Debtors, Roland S. Carlton, Jr., Esquire and the Chapter 13 Trustee, Herbert L. Beskin, Esquire.

*Ross W. Krumm*
_____

Ross W. Krumm
U.S. Bankruptcy Judge